<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| KINEKT DESIGN, LLC, | : | **Civil Action No. 12-4549 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| HUGO CAMPUZANO et al., | : | |
| Defendants. | : | |

<u>CHESLER</u>, District Judge

This matter comes before the Court on the requests for default against Defendants Hugo Campuzano and Dan Daniels.   For the reasons stated below, the requests for entry of default will be denied.

Plaintiff offers as proof of service United States Postal Service documents showing that letters were mailed Priority Mail with Delivery Confirmation, and delivery was confirmed to addresses for these Defendants in Texas and Arizona.  These are not sufficient to prove proper service under Rule 4(e), which states:

> Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>   (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode

with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law
to receive service of process.

Rule 4(e) does not provide for service by mail, but this Court also examines the state law for the

relevant states. New Jersey law allows service by mail under certain circumstances. New Jersey

Court Rule 4:4-4 states:

    (b)    Obtaining In Personam Jurisdiction by Substituted or Constructive
            Service.

      (1)   By Mail or Personal Service Outside the State. If it appears by affidavit
             satisfying the requirements of R. 4:4-5(b) that despite diligent effort and
             inquiry personal service cannot be made in accordance with paragraph (a)
             of this rule, then, consistent with due process of law, in personam
             jurisdiction may be obtained over any defendant as follows:

   . . .

         (C)    mailing a copy of the summons and complaint by registered or
                certified mail . . .

    (c)    Optional Mailed Service. Where personal service is required to be made
            pursuant to paragraph (a) of this rule, service, in lieu of personal service,
            may be made by registered, certified or ordinary mail, provided, however,
            that such service shall be effective for obtaining in personam jurisdiction
            only if the defendant answers the complaint or otherwise appears in
            response thereto, and provided further that default shall not be entered
            against a defendant who fails to answer or appear in response thereto.

Plaintiff has not properly served either Defendant under any of the service provisions of the New

Jersey Court Rules. Plaintiff has filed no affidavit demonstrating that, despite diligent effort and

inquiry, personal service could not be made. Furthermore, New Jersey Court Rule 4:4-4(c) bars

entry of default based on service by certified mail.

    This Court next looks to the law of Texas. Texas Rule of Civil Procedure 106 states:

    (a) Unless the citation or an order of the court otherwise directs, the citation

shall be served by any person authorized by Rule 103 by
   (1) delivering to the defendant, in person, a true copy of the citation with the
date of delivery endorsed thereon with a copy of the petition attached thereto, or
   (2) mailing to the defendant by registered or certified mail, return receipt
requested, a true copy of the citation with a copy of the petition attached thereto.

The proofs of service filed by Plaintiff do not show that the mailing was by registered or certified

mail with return receipt requested.

This Court next looks to the law of Arizona.  Arizona Rule of Civil Procedure 4.1(d)

requires personal service on individuals.  Alternative service may be available under Rule 4.1(k),

but only by leave of the Court and on motion.  Plaintiff has not applied to this Court for

alternative service.

Because Plaintiff has not satisfied any of the applicable rules for service, Plaintiff's

request for entry of default against Defendants Hugo Campuzano and Dan Daniels will be

denied.  Plaintiff is granted an additional 75 days from the date of entry of this Order to effect

proper service upon any Defendant.

For these reasons,

**IT IS** on this 19th day of August, 2013, hereby

**ORDERED** that Plaintiff's requests for default against Defendants Hugo Campuzano and

Dan Daniels are **DENIED**; and it is further

**ORDERED** that Plaintiff is granted an additional 75 days from the date of entry of this

Order to effect proper service upon any Defendant.

                                        s/ Stanley R. Chesler
                                        Stanley R. Chesler, U.S.D.J